People v Martinez (2025 NY Slip Op 06658)

People v Martinez

2025 NY Slip Op 06658

Decided on December 02, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 02, 2025

Before: Manzanet-Daniels, J.P., Moulton, Gesmer, Rosado, Hagler, JJ. 

Ind No. 3944/08|Appeal No. 5242|Case No. 2023-04515|

[*1]The People of the State of New York, Respondent,
v
Antonio Martinez, Defendant-Appellant.

Manzanet-Daniels, J.P., Moulton, Gesmer, Rosado, Hagler, JJ.
5242The People of the State of New York,
Respondent,
v
Antonio Martinez,
Defendant-Appellant.Ind. No. 3944/08Case No. 2023-04515
Jenay Nurse Guilford, Center for Appellate Litigation, New York (Elizabeth Vasily of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Kevin Arturo Peterson of counsel), for respondent.

Order, Supreme Court, Bronx County (Raymond L. Bruce, J.), entered on or about August 17, 2023, which adjudicated defendant a level two sexually violent offender pursuant to the Sex Offender Registration Act (Correction Law art 6-C), unanimously affirmed, without costs.
Defendant has presented no basis which would warrant this Court exercising its discretion to grant defendant a downward departure (see People v Gillotti, 23 NY3d 841, 861 [2014]). The mitigating factors cited by defendant, including his family support and participation in treatment and vocational programs, were adequately taken into account by the risk assessment instrument (see e.g. People v Perez, 226 AD3d 487 [1st Dept 2024], lv denied 42 NY3d 905 [2024]; People v Bevel, 224 AD3d 430 [1st Dept 2024], lv denied 42 NY3d 902 [2024]; People v Mills, 220 AD3d 548 [1st Dept 2023], lv denied 41 NY3d 908 [2024]). Defendant also failed to establish that his age reduced his risk of re-offense (see People v Butts, 238 AD3d 520 [2025]). Even if defendant is less likely to reoffend, a downward departure is unwarranted due to "the magnitude of harm that would result if he did reoffend" (People v Etheridge, 149 AD3d 446, 446-447 [1st Dept 2017], lv denied 29 NY3d 912 [2017]; see People v Thomas, 202 AD3d 450, 451 [1st Dept 2022], lv denied 38 NY3d 911 [2022]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 2, 2025